Karen S. Spicker, SBN 127934
Doan Law Firm, LLP
1930 South Coast Hwy., Suite 206
Oceanside, CA 92054
Phone (760) 450-3333 • Fax (760) 720-6082
Karen@doanlaw.com

Attorney for Plaintiff

TONI JANEAN NICOLSON

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TONI JANEAN NICHOLSON<br><br>Plaintiff,<br><br>vs.<br><br>GREATER NEVADA CREDIT UNION and DOES 1 through 10, inclusive;<br><br>Defendants. | Case No.: '17CV2008 H    JMA<br><br>**COMPLAINT SEEKING MONETARY DAMAGES, STATUTORY DAMAGES, INJUNCTIVE RELIEF; AND DECLARATORY RELIEF, FOR:**<br><br>**1) VIOLATION OF CAL. CIV. CODE §1788.17, (under 15 U.S.C. §1692c(a)(2));**<br>**2) VIOLATION OF CAL. CIV. CODE §1788.17, (under 15 U.S.C. §1692c(c));**<br>**3) VIOLATION OF CAL. CIV. CODE §1788.14(c);**<br>**4) NEGLIGENT VIOLATION OF 47 U.S.C. §227 ET SEQ.;**<br>**5) WILLFUL AND/OR KNOWING VIOLATION OF 47 U.S.C. §227 ET SEQ.;**<br><br>**JURY TRIAL DEMANDED** |

/ / /

/ / /

**COMPLAINT**

1

# I.

# INTRODUCTION

1.      Plaintiff, TONI JANEAN NICOLSON (hereinafter "NICHOLSON" and/or "PLAINTIFF") brings this lawsuit against the DEFENDANT GREATER NEVADA CREDIT UNION (hereafter "GNCU" or "DEFENDANT") and DOES 1-10 INCLUSIVE, for violations of California Civil Codes §§1788.17, 1788.14, and 42 U.S.C. §227 *et seq*.

# II.

# FINDINGS AND PURPOSE OF CALIFORNIA CIVIL CODE §1788 et seq., the RFDCPA

2.      The California Legislature made the following **findings** and **purpose** in creating Civil Code §1788, the **RFDCPA**:

> *(1)   The banking and credit system and grantors of credit to consumers are dependent upon the collection of just and owing debts.  Unfair or deceptive collection practices undermine the public confidence which is essential to the continued functioning of the banking and credit system and sound extensions of credit to consumers.*
>
> *(2)   There is a need to ensure that debt collectors and debtors exercise their responsibilities to one another with fairness, honesty and due regard for the rights of the other.*
>
> *(3)   It is the purpose of this title to prohibit debt collectors from engaging in unfair or deceptive acts or practices in the collection of consumer debts and to require debtors to act fairly in entering into and honoring such debts, as specified in this title.*

3.      On September 3, 1999, "urgency legislation" was passed adding Civil Code §1788.17 to the RFDCPA which incorporated therein nearly all the      provisions

**COMPLAINT**

of the Federal Fair Debt Collection Practices Act ("FDCPA") which also superseded numerous provisions of the RFDCPA, such as Civil Code §1788.14, to the extent inconsistent, and which was enacted in 1977.

4.      The United States Congress has made the following **findings** and declaration of **purpose** under the **FDCPA**:

> (a)  *Abusive practices. There is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors. Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy.*
>
> (b)  *Inadequacy of laws. Existing laws and procedures for redressing these injuries are inadequate to protect consumers.*
>
> (e)  *Purposes. It is the purpose of this title [15 U.S.C.S. §§1692 et seq.] to eliminate abusive debt collection practices by debt collectors, to ensure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.*

**III.**

**THE TELEPHONE CONSUMER PROTECTION ACT OF 1991 (TCPA), 47 U.S.C. §227 GENERALLY**

5.      In 1991, Congress enacted the Telephone Consumer Protection Act, 47 U.S.C. §227 ("TCPA") in response to a growing number of consumer complaints regarding unwanted telemarketing calls and unwanted automated and prerecorded telephone calls, which Congress found to be a costly nuisance and an invasion of privacy to consumers.

**COMPLAINT**

3

6.      In furtherance of this goal, the TCPA regulates, among other things, the use of any automated telephone dialing system or an artificial or prerecorded voice. Specifically, the plain language of section 227(b)(1)(A)(iii) prohibits the use of prerecorded messages or autodialers to make any call to a wireless number in the absence of an emergency or without the prior express consent of the called party.

7.      In furtherance of this goal, the TCPA regulates, among other things, the use of any automated telephone dialing system or an artificial or prerecorded voice. Specifically, the plain language of section 227(b)(1)(A)(iii) prohibits the use of prerecorded messages or autodialers to make any call to a wireless number in the absence of an emergency or without the prior express consent of the called party.

8.      Likewise, section 227(b)(1)(A)(iii) prohibits the use of prerecorded messages in any calls to a residential telephone line in the absence of an emergency, the prior express consent of the called party, or order by the Federal Communications Commission ("FCC").

9.      The FCC, which pursuant to the statute has prescribed various regulations implementing the TCPA requirements, held in a recent FCC Declaratory Ruling that prerecorded message calls to a wireless number by a creditor for (or on behalf of a creditor) are permitted only if the calls are made with "prior **express** consent" of the called party.  The FCC held "the creditor should be responsible for demonstrating that the consumer provided prior express consent.  The creditors are in the best position to have records kept in the usual course of business showing such consent . . ." In re Rules Implementing the Tel. Consumer Prot. Act of 1991, 23 F.C.C.R. 559, 564 (2007).

10.     Prior express consent is "deemed to be granted only if the wireless number was provided by the consumer to the creditor, and such number was provided during the transaction that resulted in the debt owed." *Id.* at 564-65.

**COMPLAINT**

11.     Although a person who knowingly provides his or her wireless telephone number to a creditor may have consented to receive telephone calls at the number regarding the debt, such consent may be revoked by further instruction from the consumer.  Id. at 564.  According to the FCC's ruling, any claim that the knowing release of a phone number has given effect to an invitation to be called at the number only exists "absent instructions to the contrary."  Id.  A written cease and desist order advises a creditor to stop calling and serves to revoke any prior consent.

## IV.
## JURISDICTION

12.     This court also has jurisdiction under 28 U.S.C. § 1331 because there is a federal question giving rise to Plaintiff's claim under 47 U.S.C. §227 and also under 28 U.S.C. §1332 based on diversity of citizenship since the Plaintiff resides in San Diego County, California at all times alleged herein, and the corporate headquarters for Defendant GNCU is located in Carson City, Nevada.

## V.
## PARTIES

13.     At all times alleged herein, Plaintiff was an individual residing in the City of Oceanside, County of San Diego, State of California and from whom Defendants sought to collect a consumer debt which was due and owing from Plaintiff or alleged to be due and owing from Plaintiff.  Plaintiff is a "debtor," as that term is defined by California Civil Code §1788.2(h).

14.     Plaintiff is informed and believes, based and thereon alleges, that Defendants are in the business of issuing and/or servicing of vehicle loans for individuals residing in the County of San Diego, State of California.

**COMPLAINT**

15.    DEFENDANT GNCU is a Nevada Corporation and/or some other unknown type of business entity and qualified to do business in the State of California and was doing business in the County of San Diego at all times alleged herein.

16.    This Court has personal jurisdiction over DEFENDANTS, because DEFENDANT S conduct business in the County of San Diego and State of California and are qualified to do business in the State of California. Therefore, DEFENDFANTS have sufficient minimum contacts with this state and otherwise purposely avails themselves of the markets in this state by marketing consumer financial products and collecting on accounts in the Southern District of California. Jurisdiction of this Court is permissible under notions of fair play and substantial justice.

17.    Defendants and each of them are not an attorney or counselor at law, and in the ordinary course of business Defendants regularly engage in debt collection as that term is defined in California Civil Code §1788.2. Defendants and each of them are a "debt collector," as that term is defined by California Civil Code §1788.2(c) and each Defendant is a "person" as that term is defined by California Civil Code §1788.2(g).

18.    Defendants and each of them are and at all times mentioned here were a "corporation" and a "person" as defined by 47 U.S.C. §153(13) and (32).

19.    All telephone contacts by Defendants to Plaintiff occurred on Plaintiff's cellular phone via an "automated telephone dialing system" and/or used an "artificial or prerecorded voice" as defined by 47 U.S.C. §227(a)(1) and (b)(1)(A).

20.    All calls that are the subject of this complaint occurred within one year of filing this complaint.

21.    The true names and capacities, whether individual, corporate, associate or other, of the defendants sued herein as Does 1 through 10, inclusive, are unknown to Plaintiff. When the true names and capacities of such defendants are ascertained,

**COMPLAINT**

6

Plaintiff shall amend this complaint to allege the same. Plaintiff is informed and believes, and based thereon alleges, that each such fictitiously named defendant herein is responsible for each of the acts and omissions alleged herein.

22.     For purposes of this Complaint, unless otherwise indicated, "Defendants" includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers of Defendants and each of them herein.

23.     The Defendants, and each of them, were acting on their own behalf and as the agents, servants, partners, joint venturers, and employees of each other, and within the scope of their agency, authority and employment.

24.     This case involves money, property or their equivalent, due or owing or alleged to be due or owing from a natural person by reason of a consumer credit transaction.  As such, this action arises out of a "consumer debt" and "consumer credit" as those terms are defined by California Civil Code §1788.2(f).

## VI.

## FACTS

### Plaintiff Retained Doan Law, LLP

25.     Defendants allege that Plaintiff incurred a "debt" with Defendants and each of them, as that term is defined by California Civil Code §1788.2(d) and 15 U.S.C. §1692a(5).

26.     On **June 29, 2016**, Plaintiff retained DOAN LAW, LLP to dispute the validity of the debt, to end communications on the debt under the RFDCPA, to eliminate all personal liability on the debt via Title 11 of the United States Code, to ensure that creditors accurately and completely report account information to each credit reporting bureau, as well to expressly revoke consent, if any, given by the Plaintiff to have Defendants communicate directly with Plaintiff.

**COMPLAINT**

7

27.     Specifically, DOAN LAW, LLP was retained to provide the following seven (7) services:

1)    Stop all future communications and harassment from creditors using Civil Code §1788.14 and §1788.17 of the RFDCPA, (under 15 U.S.C. §1692 *et seq.*);

2)    Dispute the validity of the debt alleged based on 15 U.S.C. §§1692c and 1692d, among other things, the statute of frauds, standing in light of securitization, set off rights, improper fees and interest charges and other state and federal statutes;

3)    Ensure that creditors comply with Civil Code §1785.25(a) and correctly and accurately report to credit reporting agencies information about Plaintiff's account, and fact that the enforceability was disputed;

4)    Eliminate personal liability using Title 11 of the U.S. Code;

5)    Ensure that creditors comply with Civil Code §1785.25 and the Fair Credit Reporting Act (FCRA);

6)    Expressly revoke any prior consent for the purposes of the TCPA; and

7)    Stop any and all future communications and harassments by creditors using prerecorded messages and automatic dialing systems as prohibited under the TCPA.

28.     Plaintiff paid money to DOAN LAW, LLP for the foregoing services.

29.     The purported debt owed to Defendants will be the subject of a Chapter 7 Bankruptcy and will be discharged.

30.     Once discharged, Defendants have no further contractual rights to enforce the debt against Plaintiff and Plaintiff has no obligation to pay Defendants.

**Legal Help Was Provided to Protect Plaintiff from Defendants:**

31.     DOAN LAW, LLP sent DEFENDANTs **two** written "Cease and Desist

**COMPLAINT**

8

Orders." The first Cease and Desist was dated **June 29, 2016**, pursuant to the Proof of Service attached thereto, it was sent on **July 1, 2016**, via both facsimile and First Class U.S. Mail. A true and correct copy of the Cease and Desist Order and the Proof of Service thereof is attached collectively hereto as **Exhibit "A"** and incorporated herein.

32.   The written Orders to Defendants specifically provided the following:

a)   Plaintiff would soon be filing pursuant to Title 11 Federal Protection;

b)   Advised that Plaintiff refused to pay the debt;

c)   Advised that Plaintiff disputed the validity of the debt;

d)   Advised that Plaintiff was now represented by an attorney, DOAN LAW, LLP with respect to the debt;

e)   Ordered that Defendants Cease and Desist all further communications with Plaintiff with respect to the debt; and

f)   Advised that billing statements should be sent to a new address at S. 1930 Coast, Suite 206, Oceanside, CA 92054.

**Defendants Had Actual Knowledge of Attorney Representation**

33.   On **August 5, 2016**, the Defendant GNCU, through its attorney James J. Rankl acknowledged receipt of the Cease and Desist, **Exhibit "A"** and indicated that GNCU would cease all future communications with Plaintiff.  A true and correct copy of the August 5, 2016 letter from Attorney Rankl is attached hereto as **Exhibit "B"** and incorporated hereat. Thus, Defendants physically received and had actual knowledge of the Cease and Desist Orders.

34.   Defendants had actual knowledge of **attorney representation** by DOAN LAW, LLP.

35.   Defendants actually knew they had to **Cease and Desist** all further communications with Plaintiff with respect to the debt.

36.   Defendants actually knew Plaintiff **refused to pay** the debt.

**COMPLAINT**

37.     Defendants actually knew that Plaintiff **disputed the validity** of the debt.

38.     Defendants actually knew Plaintiff was preparing to file for **Federal Relief under Title 11**.

39.     Defendants actually **knew they were prohibited from contacting** Plaintiff by all means.

40.     Defendants actually knew they could no longer call, write, send billing statements, statements of account, or any other communication, except legal process to Plaintiff.

41.     Defendants knew they could only communicate with DOAN LAW, LLP.

42.     Defendants knew they could only call, write, send billing statements, and send statements of account, to the DOAN LAW, LLP at the new address provided.

43.     The Official Staff Commentary on Regulation Z 226.2(a)(22)-2 specifically provides:

> *"An attorney and his or her client <u>are considered to be the same person for purpose of this regulation</u> when the attorney is acting within the scope of the attorney-client relationship with regard to a particular transaction."*

44.     In addition, on **August 19, 2016**, a second Cease and Desist was generated and sent via U.S. mail on August 30, 2016 pursuant to a proof of service.  A true and correct copy of the second Cease and Desist is attached hereto as **Exhibit "C"** and incorporated hereat.

45.     Plaintiff also gave verbal notice to the Defendants to stop calling her and advised she was represented by Doan Law, LLP.

46.     Moreover, on **October 21, 2016**, Doan Law Firm, LLP even confirmed representation of the Plaintiff to GNCU.

47.     Defendants knew that any further communications of any kind with Plaintiff was prohibited, unlawful, illegal, and would subject them to damages.

**COMPLAINT**

10

**DEFENDANTS Committed at least (30) Unlawful Communications**

48.     Despite knowledge of attorney representation, Defendants intentionally, willfully, deliberately, and knowingly refused to abide by the laws of the RFDCPA, FDCPA, and TCPA, as set forth in the Cease and Desist Orders and communicated with Plaintiff in regard to the alleged debt.

49.     Specifically, Defendants continued communications with Plaintiff, demanding payment of the alleged debt and threatening Plaintiff, as further evidenced by the phone call logs which **are just a sampling of some, but not all calls** placed by Defendants to the Plaintiff.  Sometimes the Defendants would call four times a day. A true and correct copy of the Telephone Call Logs are attached hereto as **Exhibit "D"** and incorporated herein.

50.     Defendants continued to make phone calls to Plaintiff demanding payment and threatening her from on or about **October 9, 2016** through the end of **March 27, 2017**, despite the fact that they received two written Cease and Desist Orders and at least two verbal notices to stop calling and that Plaintiff was represented by Doan Law Firm.

51.     Defendants continued to call in violation of the RFDCPA and TCPA.

52.     The numerous communications evidence a pattern and practice wherein Defendants engaged in unlawful harassment and abuse to coerce payment.

53.     Upon receiving payment, Defendants represented that the harassment and abuse would stop and Defendants would restore to Plaintiff her right to privacy and peace of mind.

**DEFENDANTS Willfully and Knowingly Violated The RFDCPA:**

54.     As a "Debt Collector," Defendants and each of them are fully aware of California's debt collection laws, including the RFDCPA and the FDCPA to the extent incorporated therein.

55.     Defendants and each of them are aware that full and complete compliance

**COMPLAINT**

with the Truth in Lending Act ("TILA") may take place by communicating with Plaintiff's attorney, pursuant to the Official Staff Commentary on Regulation Z 226.2(a)(22)-2, as set forth above.

56.     There is no conflict of law between the RFDCPA and TILA since Defendants can comply with TILA by sending correspondence to Plaintiff's attorney, instead of Plaintiff.

57.     Defendants knew each of its harassing communications were willful and knowing violations of Title 1.6C of the California Civil Code §1788 *et seq.* and 15 U.S.C. §1692 *et seq.* as incorporated therein.

58.     Defendants' harassing communications, as set forth above, were willful and knowing violations of Title 1.6C of the California Civil Code §1788 *et seq.*, and 15 U.S.C. §1692 *et seq.* to the extent incorporated therein.

59.     Defendants' harassing communications, as set forth above, are part of an overall unlawful business pattern and practice whereby Defendants knowingly, willfully, and intentionally enterprised a profitable unlawful collection scheme to derive profits through the incomplete and inaccurate information and through harassing communications and intentional misinterpretation of TILA laws.

60.     Defendants rarely, if ever, are pursued or sued over such harassing communications, and reporting violations since very few debtors are aware that their rights are being violated, rarely have the financial resources to pursue such claims, and/or very few attorneys are willing to take on such cases.

61.     Defendants are highly motivated to continue their harassing communications since any payments made to resolve any judgments or settlements for such unlawful conduct is minuscule when compared to the overall profits generated from such unlawful conduct.

### **DEFENDANTS Willfully And/Or Knowingly Violated**
### **The Telephone Consumer Protection Act of 1991**

**COMPLAINT**

62.    Plaintiff had a consumer vehicle loan account that had originated with, was assigned to, and/or was serviced by Defendants.

63.    As a creditor, Defendants and each of them are fully aware of the TCPA and the regulations it provides.

64.    Plaintiff denies ever providing her cell phone and/or residential telephone number to Defendants with the express consent to be called by an "automatic telephone dialing system" or "artificial or prerecorded voice," or any other method.

65.    Plaintiff further demonstrated she did not consent to any such calls by mailing the written cease and desist orders, **Exhibits "A" and Exhibit "C"** as set forth above, instructing Defendants to immediately stop all further communications.

66.    Defendants knew each of its harassing communications were willful and knowing violations of 47 U.S.C. §227b(1)(A)(iii) and/or 47 U.S.C. §227b(1)(B).

67.    Defendants' harassing communications, as set forth above, are part of an overall business practice whereby Defendants knowingly, willfully, and intentionally use automated and prerecorded machines to place calls to consumers, which Congress has explicitly found to be a costly nuisance and an invasion of privacy to such individuals.

68.    Defendants willful and knowing violations of the TCPA undermine Congress' purpose and intent behind the Act.  As Defendants are rarely ever sued successfully under the TCPA for such violations, Defendants have the incentive to continue their unlawful practices.

### PLAINTIFF Suffered Damages as a Result of DEFENDANT'S Conduct

69.    As a direct result of Defendants' harassing communications and threats, Plaintiff who is a septuagenarian has incurred actual damages consisting of mental and emotional distress, nervousness, grief, embarrassment, loss of sleep, anxiety, worry, mortification, shock, depression, humiliation, indignity, pain and suffering,

**COMPLAINT**

13

and other injuries. Plaintiff, in receiving numerous phone calls, felt hopeless and felt there was no way out every time.

70.    Plaintiff is also experiencing symptoms of depression and lethargy due to the communications received from Defendants.

71.    Plaintiff incurred out of pocket monetary damages when attorney fees and costs were paid to the DOAN LAW, LLP for services provided to protect Plaintiff under the RFDCPA, FDCPA, and TCPA, which ultimately failed.

72.    Plaintiff incurred additional incidental actual damages including, but not limited to, gas and transportation costs traveling to the law firm, telephone call charges, postage, and other damages.

73.    Plaintiff continues to incur attorney fees and costs in filing this suit and bringing this matter to trial.

74.    Defendants' conduct has caused Plaintiff unwarranted and unnecessary time, effort, and expense in seeking to enforce rights guaranteed by RFDCPA, FDCPA, as incorporated therein, and the TCPA. Plaintiff has incurred mental and emotional distress, nervousness, grief, anxiety, worry, mortification, shock, humiliation and indignity, which will continue to trial.

## VII.

## FIVE CAUSES OF ACTION

## FIRST CAUSE OF ACTION:

## VIOLATION OF CALIFORNIA CIVIL CODE §1788.17
## (Under 15 U.S.C. §1692c(a)(2))

75.    Plaintiff realleges and incorporates by reference the above paragraphs as though set forth fully herein.

76.    California Civil Code §1788.17 of the RFDCPA provides in pertinent part:

**COMPLAINT**

> *Notwithstanding any other provision of this title, every debt collector collecting or attempting to collect a consumer debt shall comply with the provisions of §1692b to 1692j, inclusive, of, and shall be subject to the remedies in §1692k of Title 15 of the United States Code.*

77.   15 U.S.C. §1692c(a)(2), as incorporated into §1788.17, the FDCPA provides:

> *Without the prior consent of the consumer given directly to the debt collector or the express permission of a court of competent jurisdiction, a debt collector may not communicate with a consumer in connection with the collection of any debt–*
>
> > *(2) if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address . . .*

78.   Defendants violated 15 U.S.C. §1692c(a)(2), as incorporated into the RFDCPA since Defendants repeatedly and continuously called, threatened, and harassed Plaintiff demanding payment at least thirty times, despite the fact that Plaintiff advised Defendants, in writing and verbally, multiple time to stop calling and to contact DOAN LAW, LLP regarding the alleged debt. Defendant sometimes called four times in a single day.

79.   Defendants violated 15 U.S.C. §1692c(a)(2), as incorporated into RFDCPA, because they repeatedly contacted, threatened, and harassed the Plaintiff after being demanding payment after being directly notified, in writing and verbally, to cease and desist all further communication.

80.   California Civil Code §1788.17 requires that Defendants comply with the provisions of 15 U.S.C §1692c(a)(2).

81.   The foregoing violations of 15 U.S.C §1692c(a)(2) by Defendants resulted in separate violations of California Civil Code §1788.17.

**COMPLAINT**

82.    California Civil Code §1788.17 provides that Defendants and each of them are subject to the remedies of 15 U.S.C. §1692k for failing to comply with the provisions of 15 U.S.C. §1692c(a)(2).

83.    The foregoing violations by Defendants were willful and knowing violations of Title 1.6C of the California Civil Code (RFDCPA), are sole and separate violations under California Civil Code §1788.30(b), and trigger **a penalty of up to $1,000.00.**

## SECOND CAUSE OF ACTION:
## VIOLATION OF CALIFORNIA CIVIL CODE §1788.17 OF THE RFDCPA
## (Under 15 U.S.C. §1692c(c))

84.    Plaintiff realleges and incorporates by reference the above paragraphs as though set forth fully herein**.**

85.    California Civil Code §1788.17 of the RFDCPA provides in pertinent part:

> *Notwithstanding any other provision of this title, every debt collector collecting or attempting to collect a consumer debt shall comply with the provisions of §1692b to §1692j, inclusive, of, and shall be subject to the remedies in §1692k of Title 15 of the United States Code.*

86.    15 U.S.C. §1692c(c) of the FDCPA provides:

> *If a consumer notifies a debt collector in writing that the consumer* ***refuses to pay*** *a debt or that the consumer wishes the debt collector to* ***cease further communication*** *with the consumer, the debt collector shall* ***not communicate*** *further with the consumer with respect to such debt.*

87.    DOAN LAW, LLP sent DEFENDANTS **two** written "Cease and Desist Order" and Plaintiff gave multiple verbal notices to stop calling and that she was represented by Doan Law, LLP.

88.    True and correct copies of the Cease and Desist Orders are attached collectively hereto as **Exhibits "A" and "C"** and incorporated herein.

**COMPLAINT**

16

89.     The Cease and Desist Orders were sent via a Proof of Service. See **Exhibits "A" and "C".**

90.     Defendants violated 15 U.S.C. §1692c(c) as incorporated into the RFDCPA because Defendants repeatedly and continuously communicated, harassed, and threatened Plaintiff demanding payment at least (30) times after being directly notified, verbally and in writing, of Plaintiff's intent to file bankruptcy, to stop calling and she was represented by Doan Law, LLP.

91.      Defendants violated 15 U.S.C §1692c(c), as incorporated into the RFDCPA, because Defendants harassed Plaintiff after being directly notified in writing and verbally to cease and desist all further communication.

92.     California Civil Code §1788.17 requires that Defendants comply with the provisions of 15 U.S.C. §1692c(c).

93.     The foregoing violations of 15 U.S.C. §1692c(c) by Defendants resulted in separate violations of California Civil Code §1788.17.

94.     California Civil Code Section 1788.17 provides that Defendants and each of them are subject to the remedies of 15 U.S.C. §1692k for failing to comply with the provisions of 15 U.S.C. §1692c(c).

95.     The foregoing violations by Defendants were willful and knowing violations of Title 1.6C of the California Civil Code (RFDCPA), are sole and separate violations under California Civil Code Section §1788.30(b), and trigger **a penalty of up to $1,000.00.**

### THIRD CAUSE OF ACTION:
### <u>VIOLATION OF §1788.14(c) of the RFDCPA</u>

96.     Plaintiff realleges and incorporates by reference the above paragraphs as though set forth fully herein.

97.     California Civil Code Section 1788.14(c) provides in pertinent part:

**COMPLAINT**

> *No debt collector shall collect or attempt to collect a consumer debt by means of the following:*
>
> > *(c) **Initiating communications**, other than statements of account, with the debtor with regard to the consumer debt, when the debt collector has been previously **notified in writing by the debtor's attorney that the debtor is represented by such attorney** with respect to the consumer debt and such notice includes the attorney's name and address and a request by such attorney that all communications regarding the consumer debt be addressed to such attorney . . .*

98.    Defendants violated California Civil Code Section §1788.14(c), because Defendants repeatedly contacted, threatened and harassed Plaintiff demanding payment on the alleged debt by calling at least **(30) times** after being directly notified in writing and verbally of attorney representation concerning the alleged debt.

99.    The foregoing act(s) by Defendants were willful and knowing violations of Title 1.6C of the California Civil Code (RFDCPA), are sole and separate violations under California Civil Code Section §1788.30(b), and trigger **a penalty of up to $1,000.00**.

## FOURTH CAUSE OF ACTION:

## NEGLIGENT VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION

## ACT 47 U.S.C. §227 et seq.

100.    Plaintiff realleges and incorporates by reference the above paragraphs as though set forth fully herein.

101.    Telephone Consumer Protection Act of 1991, 47 U.S.C. §227(b)(1)(A)(iii) and (B) provides in pertinent part:

**COMPLAINT**

*(1) It shall be unlawful for any person within the United States, or any person outside the United States if the recipient is within the United States -*

> *(A) to make any call (other than a call made for emergency purpose or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice -*
>
> > *. . .*
> >
> > *(iii) to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call.*
>
> *(B) to initiate any telephone call to any residential telephone line using an artificial or prerecorded voice to deliver a message . . .*

102.   Defendants violated 47 U.S.C. §227 *et seq.* since Defendants called, threatened and  harassed Plaintiff demanding payment at least (30) times using an "automated telephone dialing system," as that term is defined by 47 U.S.C. §227a(1). There appeared to be a pause before a live person would answer the phone and sometimes there was a pre-recorded message.  A true and correct copy of the "Unlawful Communications Log" is attached hereto as **Exhibit "D,"** and is incorporated herein.

103.   During these telephone calls, Defendants used "an artificial or prerecorded voice," as prohibited by 47 U.S.C. §227b(1)(A) and (B). There was no human intervention in placing the phone.  The call was a computer generated and a prerecorded message to contact the defendant regarding payment.

104.   Defendants placed these calls to a telephone number assigned to a residential

**COMPLAINT**

telephone line and/or cellular telephone service for which Plaintiff incurs a charge for incoming calls pursuant to 47 U.S.C. §227b(1)(A) and (B).

105.   These telephone calls were not placed by Defendants for emergency purposes, within the meaning of 47 U.S.C. §227b(1)(A) and (B).

106.   Plaintiff did not provide "express consent" allowing Defendants to place telephone calls to Plaintiff's residential and/or cellular phone placed by an "automatic telephone dialing system" or utilizing an "artificial or prerecorded voice," within the meaning of 47 U.S.C. §227b(1)(A) and (B).

107.   In the event Defendants allege they obtained the prior express consent of Plaintiff to receive such automated calls, Plaintiff **expressly and explicitly revoked any such consent** in writing when Plaintiff sent the "Cease and Desist Orders" stating to stop such repetitive and harassing calls and she also gave verbal notice of the same. True and correct copies of the Cease and Desist Order are attached hereto as **Exhibits "A" and "C"** and incorporated herein.

108.   Under the TCPA and pursuant to the FCC's Declaratory Ruling, the burden is on Defendants to demonstrate Plaintiff provided express consent within the meaning of the statute.  Defendants have failed to meet their burden since no written express consent exists.  In the alternative, even if Defendants allege such initial consent existed at a prior time, Defendants have failed to meet their burden once the cease and desist letters expressly and explicitly revoked any such consent in writing.

109.   Defendants' calls do not fall within any exception by rule or order of the Commission, as provided by 47 U.S.C. §227b(B).

110.   The foregoing violations of 47 U.S.C. §227b(1) by Defendants trigger a recovery of **$500 in statutory damages** for **each and every call**-in violation of the statute, pursuant to 47 U.S.C. §227b(3).

**COMPLAINT**

## FIFTH CAUSE OF ACTION:

## KNOWING AND/OR WILLFUL VIOLATIONS OF THE TELEPHONE
## CONSUMER PROTECTION ACT 47 U.S.C. §227 et seq.

111.   Plaintiff realleges and incorporates by reference the above paragraphs as though set forth fully herein.

112.   Telephone Consumer Protection Act of 1991, 47 U.S.C. §227(b)(1)(A)(iii) provides in pertinent part:

> *(1) It shall be unlawful for any person within the United States, or any person outside the United States if the recipient is within the United States -*
>
> > *(A) to make any call (other than a call made for emergency purpose or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice -*
> >
> > *. . .*
> >
> > *(iii) to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call.*

113.   Defendants violated 47 U.S.C. §227b(1)(A) since Defendants knowingly and willingly called, threatened and harassed Plaintiff demanding payment on the alleged debt at least (30) times using an "automated  telephone dialing system," as that term is defined by 47 U.S.C. §227a(1). There appeared to be computer generated calls since there was a pause or a prerecorded message.  A true and correct copies of the "Unlawful Communications Log" is attached hereto as **Exhibit "D"** and are incorporated herein.

114.   During these telephone calls, Defendants knowingly and willingly used "an

**COMPLAINT**

artificial or prerecorded voice," as prohibited by 47 U.S.C. §227b(1)(A).

115.   Defendants knowingly and willingly placed these calls to a residential telephone line and/or cellular telephone service for which Plaintiff incurs a charge for incoming calls pursuant to 47 U.S.C. §227b(1)(A) and (B).

116.   These telephone calls were not placed by Defendant for emergency purposes as defined by 47 U.S.C. §227b(1)(A)(I).

117.   Plaintiff did not provide "express consent" allowing Defendants to place telephone calls to Plaintiff's residential and/or cellular phone placed by an "automatic telephone dialing system" or utilizing an "artificial or prerecorded voice," within the meaning of 47 U.S.C. §227b(1)(A) and (B).

118.   In the event Defendants allege they obtained the prior express consent of Plaintiff to receive such automated calls, Plaintiff **expressly and explicitly revoked any such consent** in writing when Plaintiff sent two "Cease and Desist Orders" stating  to stop such repetitive and harassing calls.  True and correct copies of the Cease and Desist Orders are attached collectively hereto as **Exhibits "A" and "C"** incorporated herein.

119.   Under the TCPA and pursuant to the FCC's Declaratory Ruling, the burden is on Defendants to demonstrate Plaintiff provided express consent within the meaning of the statute.  Defendants have failed to meet their burden since no written express consent exists.  In the alternative, even if Defendants allege such initial consent existed at a prior time, Defendants have failed to meet their burden once the cease and desist letters expressly and explicitly revoked any such consent in writing, if it even existed.

120.   Defendants' calls do not fall within any exception by rule or order of the Commission, as provided by 47 U.S.C. §227b(B).

121.   The foregoing violations of 47 U.S.C. §227b(1) by Defendants were knowing and/or willful, which entitle Plaintiff to **treble damages of up to $1,500**

**COMPLAINT**

22

for **each and every call**-in violation of the statute, pursuant to 47 U.S.C. §227b(3).

## VIII.

## PRAYERS FOR RELIEF

WHEREFORE, Plaintiff having set forth the claims for relief against Defendants, respectfully prays this Court grant relief in the amount of $75,000.00 monetary damages for statutory, general, **Attorney Fees and Costs** or as according to proof, and **Injunctive Relief**, and **Declaratory Relief**).  Such relief is reasonably justified under the circumstances, and is more specifically broken down as follows:

A.     **Actual Economic Damages** totaling at least $5,000.00 consisting of **attorney fees** previously paid to DOAN LAW, LLP to end the harassment, and transportation, gasoline, telephone call charges, and postage, pursuant to California Civil Code §1788.30(a); **$1,000.00 Additional Damages** pursuant to California Civil Code §1788.17 incorporating 15 U.S.C. §1692k; and other economic damages accruing prior to the Order for Bankruptcy Relief;

B.     **Actual Non-Economic Damages** of **at least $10,000.00** pursuant to California Civil Code §1788.30(a) for mental and emotional distress, anxiety, fear, embarrassment, and other injuries;

C.     **Statutory Penalties of at least $1,000.00** against Defendants arising from violations of Civil Code §1788.17 (under 15 U.S.C. §1692c(a)(2));

D.     **Statutory Penalties of at least $1,000.00** against Defendants arising from violations of Civil Code §1788.17 (under 15 U.S.C. §1692c(c));

E.     **Statutory Penalties of at least $1,000.00** against Defendants arising from violations of Civil Code §1788.14(c);

F.     **Statutory Penalties of at least $1,500.00** as against Defendants arising for **each and every** violation of 47 U.S.C. §227(b)(1) pursuant to 47 U.S.C. §227(b)(3)(B);

**COMPLAINT**

23

G.   **Alternatively**, if the Court finds Plaintiff is not entitled to statutory penalties of $1,500.00 for each violation of 47 U.S.C. §227(b)(1), Plaintiff requests **Statutory Penalties of up to $500.00** as against Defendants arising for **each and every** violation of 47 U.S.C. §227(b)(1) pursuant to 47 U.S.C. §227(b)(3)(C), and as further proof may reveal;

H.   **Injunctive Relief** against Defendants, restraining them from any further contact with Plaintiff and from reporting incomplete and inaccurate information to credit reporting agencies;

I.   **Declaratory Relief** against Defendants, declaring their practices of communicating with and harassing Plaintiff was in violation of California Civil Code Section §§1788.14, and 1788.17; and

J.   Such **other and further relief** as the Court may deem just and proper.

Dated:  September 29, 2017

Respectfully submitted,

**DOAN LAW, LLP**

By: /s/ *Karen S. Spicer*
      Karen S. Spicer, Esq.
      Attorney for Plaintiff,
      Toni Janean Nichols

**COMPLAINT**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28